# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ISAAC WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06-cv-4760-JEO |
| ) | |
| ALABAMA DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a *pro se* action filed by the plaintiff pursuant to 42 U.S.C. § 1983, alleging excessive force claims against defendant COIs Guthery, Chapman, Ellis, Ambrose, and Zuber[1] related to incidents on August 9, 2006. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991). The plaintiff filed an amended complaint. (Doc. 18). On February 17, 2009, the undersigned entered a "Report and Recommendation" that the defendants' Special Report be treated as a motion for summary judgment and that it be denied. No one filed any objections to the same. On March 13, 2009, the parties consented to the jurisdiction of the undersigned concerning all remaining proceedings. (Doc. 44).

---

[1] As previously noted, the plaintiff's amended complaint, he did not name the Alabama Department of Corrections as a defendant as he did in his original complaint, thus waiving any claim he may have been attempting to raise against it. Moreover, it is well settled that the Eleventh Amendment to the United States Constitution bars §1983 claims in federal court against the state or an agency of the state. *Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Accordingly, the plaintiff would not have been able to maintain a § 1983 action against the Alabama Department of Corrections, an agency of the state.

In view of the previous recommendation, the absence of objections, and consent jurisdiction, the defendants' Special Report is deemed to be a motion for summary judgment, the court adopts the findings and conclusions stated in the "Report and Recommendation," and the motion is due to be denied on the plaintiff's Eighth Amendment claims against the defendants on the excessive force claims. Accordingly, this action will be allowed to proceed against all of the defendants in their individual capacities as to the two instances of purported excessive force. An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this memorandum opinion upon the plaintiff and upon counsel for the defendants.

**DONE**, this the 17th day of March, 2009.

_____
**JOHN E. OTT**
United States Magistrate Judge